[Cite as *Kota v. Ohio Dept. of Transp.*, 2010-Ohio-5219.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANAND KOTA

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-01786-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

FINDINGS OF FACT

**{¶ 1}** 1) On January 20, 2010, at approximately 7:00 p.m., plaintiff, Anand Kota, was traveling on State Route 750 in Delaware County, when his 2002 Mercedes Benz E430 struck a pothole causing tire and wheel damage to the vehicle.

**{¶ 2}** 2) Plaintiff asserted that the damage to his car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of hazards such as potholes. Plaintiff filed this complaint seeking to recover $802.33, the stated cost of replacement tires and related repair expenses. The filing fee was paid.

**{¶ 3}** 3) Defendant explained that the pothole plaintiff's vehicle struck had been previously repaired on November 17, 2009 or November 24, 2009 and the repair patch had deteriorated at sometime prior to 7:00 p.m. on January 20, 2010. Defendant denied liability based on the contention that no ODOT personnel had any knowledge that the pothole had reformed prior to plaintiff's property damage occurrence. Defendant asserted that plaintiff did not produce any evidence to establish the length of

time that the particular pothole existed prior to 7:00 p.m. on January 20, 2010. Defendant contended that plaintiff failed to offer any evidence to prove his property damage occurrence was attributable to conduct on the part of ODOT personnel. Defendant located the damage-causing pothole "at milepost 4.43 on SR 750 in Delaware County" and suggested that, "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant explained that the ODOT "Delaware County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently no potholes were discovered at milepost 4.43 on State Route 750 the last time that section of roadway was inspected before January 20, 2010. Defendant's maintenance records show that "one (1) pothole patching operations was conducted in the same location as plaintiff's incident." The maintenance record (copy submitted) indicates that ODOT crews patched a pothole in the area including milepost 4.43 on November 24, 2009. Defendant stated that, "if ODOT personnel had detected any potholes they would have been reported and promptly scheduled for repair."

CONCLUSIONS OF LAW

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[it] is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an

insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 6}** In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

**{¶ 7}** "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

**{¶ 8}** The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the time that the particular pothole was present. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove that defendant had constructive

notice of the pothole.

{¶ 9} Ordinarily in a claim involving roadway defects, plaintiff must prove that either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Defendant acknowledged that the damage-causing pothole plaintiff's vehicle struck was a defect that had been previously patched and deteriorated. This fact alone does not provide proof of negligent maintenance. A pothole patch that deteriorates in less than ten days is prima facie evidence of specific negligent maintenance. See *Matala v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-01270-AD, 2003-Ohio-2618. However, a pothole patch that may or may not have deteriorated over a longer time frame does not constitute in and of itself conclusive evidence of negligent maintenance. See *Edwards v. Ohio Department of Transportation, District 8*, Ct. of Cl. No. 2006-01343-AD, jud, 2006-Ohio-7173*; Lutz v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-06873-AD, 2008-Ohio-7029; *Clancy v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2009-01069-AD, 2009-Ohio-3034. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the roadway defect.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANAND KOTA

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-01786-AD

Clerk Miles C. Durfey


ENTRY OF ADMINISTRATIVE DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


                                   _____

                                   MILES C. DURFEY
                                   Clerk


Entry cc:


| Anand Kota | Jolene M. Molitoris, Director |
| 5329 Rosalind Blvd. | Department of Transportation |
| Powell, Ohio  43065 | 1980 West Broad Street |
| | Columbus, Ohio  43223 |

RDK/laa
5/18
Filed 6/21/10
Sent to S.C. reporter 10/22/10